The opinion of the court was delivered by .
Mark, J.
Mrs. Pecot, the owner of a plantation, the legal title to which stood in her name, agreed to transfer one undivided third of it to Mrs. Mallon, in consideration of the abandonment by Mrs. Mallon of certain suits and claims affecting the property. This agreement was dated April 8,1876, and was recorded on the eighth March, 1877.
Mrs. Mallon transferred her interest in this, and certain other property, to Edward Foreman, for the price of fóSOOO ; and this transfer was recorded on the seventh March, 1877, the day after its date.
Mrs. Pecot, by notarial act, reciting the agreement between herself and Mrs. Mallon, and the performance by Mrs. Mallon of her part of that agreement, conveyed to Edward Foreman, assignee of Mrs. Mallon, one third of'the plantation, fixed and designated by metes and bounds - and this title was recorded on the twenty-first March, 1877, the day after its date.
On the -fifth March, 1877, ~W. G. Saxon caused to be recorded a decree of this court, rendered in June, 1874, in the suit of Mallon and wife vs. Gates, condemning Mrs. Mallon and her sureties to pay to Gates S5P0 in damages for the wrongful obtaining of an injunction. Saxon was one of the sureties ; and on the ninth March, 1877, he caused execution to issue against Mrs. Mallon, on this decree, in his favor as subrogee, of Gates, under which the sheriff seized and advertised for sale the one third of the plantation acquired by Mrs. Mallon under the agreement of April 8,1876.
Foreman enjoined the sale, claiming to be the owner, in virtue of the transfer to him by Mrs. Mallon, and the subsequent conveyance by Mrs. Pecot. The district judge was of the opinion that the recording of the *1118 decree oí' this court, on the fifth March, 1877, created a judicial mortgage in favor of Saxon, but that he could proceed to enforce it only by the hypothecary action ; and he perpetuated the injunction, “reserving to defendant his right to proceed by the hypothecary action.” Saxon appealed from this judgment; and Foreman, appellee, in answer to the appeal, prays that the judgment be so amended as to strike out that part of it reserving to appellant the right to proceed by the hypothecary action.
Appellant maintains that the transfer by Mrs. Mallon to Foreman is absolutely null and void, because it was made without the authorization of her husband; and that it was fraudulent and simulated.
The record contains no evidence of fraud or simulation. The price was $3000, for which Foreman gave to Mrs. Mallon his note, bearing eight per cent interest from date ; but this does not establish either fraud ■or simulation.
The Bevised Civil Code, article 122, declares that “the wife, even when she is separate in estate from her husband, can not alienate, grant, mortgage, acquire, either-by gratuitous or incumbered title, unless her husband concurs in the act, or yields his consent in writing.”
The prohibition to acquire is as absolute as the prohibition to alienate ; and if, by reason of the failure of the husband to concur in the act, or to give his consent to it in writing, the transfer by Mrs. Mallon to Foreman was void, it inevitably follows that the agreement between Mrs. Mallon and Mrs. Pecot was void for the same reason.
In reality, no title to the property in question ever vested in Mrs. Mallon. The agreement required her to dismiss certain suits, and to abandon certain claims, in consideration of which Mrs. Pecot promised to transfer the property to her. The performance of this agreement by Mrs. Mallon, if she had the capacity to make the agreement, and to ■comply with the terms, would not have vested the title in her: it would merely have authorized her to sue for specific performance by Mrs. Pecot, or for damages for non-performance. The recording of the decree .against Mrs. Mallon did not create a judicial mortgage on the property in question, because Mrs. Mallon did not own it; and if she had been authorized, or was legally competent to make the agreement with Mrs Pecot, the recording of the decree would have been no obstacle to the transfer by her to Foreman.
One of two consequences results : Either Mrs. Mallon acquired no right' under the agreement with Mrs. Pecot, because of her incapacity; or all the rights flowing to her from that agreement had passed to and vested in Foreman before the execution enjoined was issued. In either case Mrs. Mallon had no property or right under that agreement subject to seizure under that execution.
*1119 The title and ownership of the property were in Mrs. Peoot. She was satisfied to part with the one third for the benefits and advantages promised by Mrs. Mallon; and she was content, aEter having received that consideration, to make the conveyance to Foreman, the transferee of Mrs. Mallon, which she had promised to make to Mrs. Mallon. We know of no principle which would authorize any creditor of Mrs. Mallon to treat this conveyance as a nullity, or to subject the property, simply because of Mrs. Mallon’s want of capacity, since she was as competent to alienate as she was to acquire.
The judge of the district court erred in reserving the right of appellant to proceed against this property by the hypothecary action. He never had that right, because the agreement between Mrs. Mallon and Mrs. Pecot did not create any such right in Mrs. Mallon as could be affected by judicial mortgage.
The judgment appealed from in so far as it reserves to appellant the right to proceed against the property in question by the hypothecary action is annulled, avoided, and reversed; and, in all other respects, it is affirmed with costs.